UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA POLONSKY,<br><br>                Plaintiff,<br><br>   v.<br><br>DAN CAWDREY and LILLIAN CAWDREY,<br>and all other occupants,<br><br>                Defendants. | Case No. C16-1896 RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR FEES AND COSTS |

## I.     INTRODUCTION

This matter initially came before the Court on Plaintiff's Emergency Motion to Remand pursuant to 28 U.S.C. § 1447(c). Dkt. #4. On February 7, 2017, the Court granted Plaintiff's motion, finding that there was no subject matter jurisdiction in this Court. Dkt. #11. In addition, the Court granted Plaintiff's request for attorney's fees and costs, and directed Plaintiff to file a supplemental motion, appending the evidence necessary to support her request. *Id.* Plaintiff has since filed that supplemental motion, to which Defendants have objected. Dkts. #12 and #13. Plaintiff asks the Court for a total award of $5,217.61. For the reasons discussed below, the Court now GRANTS IN PART AND DENIES IN PART Plaintiff's motion.

///

ORDER - 1

///

## II. DISCUSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by her counsel requested by Plaintiff. Plaintiff seeks a billing rate of $245 per hour. Dkt. #12-1 at ¶ 3. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting… the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 433). In the Ninth Circuit, "the determination of a

ORDER - 2

reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Plaintiff has presented neither evidence of her attorney's experience nor evidence supporting the reasonableness of the rate requested for the Seattle market. *See* Dkt. #12-1. A review by this Court of unlawful detainer actions in states in the Ninth Circuit in which attorney's fees were awarded reveals that rates awarded range from $150 (primarily in Washington, Idaho and Montana) on the lower end to $350 (primarily in California) on the higher end. Defendants have also opposed the hourly rate proposed by Plaintiff, and argue that $175 per hour is more appropriate, particularly because they are *pro se*. Dkt. #13 at 4.

Given the absence of proper evidence from Plaintiff as to comparable attorney rates in the community, and considering Defendants' arguments and the Court's own review of comparable cases, the Court finds that Plaintiff has failed to meet her burden to establish a

ORDER - 3

reasonable hourly rate of $245 per hour, and will therefore calculate the lodestar using the hourly rate of $200 per hour for her attorney's time.

### C. Reasonableness of Hours

Now turning to the reasonableness of the hours requested, the Court notes that "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Plaintiff has presented a detailed description of the time spent defending this action. Dkt. #12-1. The Court has reviewed her attorney's billing entries. *Id.* As an initial matter, the Court will not award fees for the time Plaintiff's counsel spent discussing the case between either attorneys in his own or with "outside" counsel, as that activity connstitutes intra-office conferences or is analogous to intra-office conferences. Further, counsel has partially engaged in block billing time entries, which has left the Court unable to attribute some of the time spent on a particular activity. Dkt. #12-1; *Welch*, 480 F.3d at 948. Accordingly, where the Court cannot discern from the time entry itself the amount of time to attribute to a particular activity,

ORDER - 4

it will reduce those entries by half.  For all of these reasons, the Court will deduct the following time from its award of attorney's fees:

      12/13/16        0.875 hours (0.875 x $200/hr = $175.00)

      12/13/16        1.15 hours (1.15 x $200/hr = $230.00)

      12/27/16        0.7 hours (0.7 x $200/hr = $140.00)

      12/28/16        0.1 hours (0.1 x $200/hr = $100.00)

Dkt. #12-1.

      Likewise, the Court will deduct all time billed that appears to be purely administrative in nature:

      12/29/16        0.10 hours

      1/5/17        0.60 hours

Dkt. #12-1.

      The Court notes that Defendants object to the hours requested by Plaintiff's counsel on the basis that they are excessive, redundant or otherwise unnecessary.  Dkt. #13 at 3-4.  In particular, they complain about the time Plaintiff's counsel billed for attending a Show Cause hearing in State court that was ultimately canceled, and the hours counsel spent preparing the motion to remand.  *Id.*  In light of the rate reduction already imposed, and the time reductions noted above, the Court disagrees with Defendants that the remaining time spent on this case by Plaintiff's counsel was excessive, redundant or otherwise unnecessary.  Thus, the Court finds that the remaining hours requested by Plaintiff's counsel are reasonable, and will award the fees associated with those hours, again noting that the hourly rate has been reduced to $200 per hour.  Accordingly, **the total amount of attorney's fees awarded is $1905.00**.

ORDER - 5

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent defending this matter and does not find it necessary to make any lodestar adjustments.

### E. Costs

Finally, Plaintiff also seeks $2,559.36 in costs. Dkt. #12-1. These costs include mortgage payments on the subject property for the two months that Plaintiff's motion for remand was pending in this Court, plus $30 in postage fees. *Id.* Defendants object to the mortgage payment request, but do not object to an award for postage fees. Dkt. #13.

The Court declines to award any costs to Plaintiff. As for the costs related to Plaintiff's mortgage payments, the Court notes that Plaintiff, as the home owner, would have incurred those costs regardless of whether this matter proceeded in State court or this Court. While the Court appreciates that Plaintiff was unable to proceed with any eviction process while this matter was pending here, any recovery she seeks from Defendants for their alleged failure to pay her rent or vacate the property should be handled in conjunction with her unlawful detainer action.

The Court also will not award Plaintiff postage costs. A review of Plaintiff's counsel's Declaration reveals that Plaintiff is seeking a "combined administrative fee[] and postage charged" in the amount of $30.00 for mailing the Motion for Remand and Reply to Defendants. Dkt. #12-1 at ¶ 4. Neither of these costs are separately detailed, nor are any of these costs contained on the billing records provided by Plaintiff in support of the request. *See* Dkt. #12-1. Accordingly, the Court will not award any costs requested in this matter.

///

ORDER - 6

///

## III.    CONCLUSION

Having considered Plaintiff's Supplemental Motion for Fees and Costs, the Declarations and Exhibits in support thereof, and the Opposition thereto, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's motion (Dkt. #12) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above.  Plaintiff is awarded **fees in the amount of $1905.00 in fees and $0 in costs**.

DATED this 30th day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 7